# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WWH INVESTMENTS, PAUL WALKER, CAPABLE TECHNOLOGY SOLUTIONS, LLC, | ) ) ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | |
| SECUREDPAY SOLUTIONS, INC., ROY NELSON, individually, and in his capacity as Chairman of SecuredPay Solutions, Inc., CHRIS FAIRCLOTH, individually, and in his capacity as President and Director of SecuredPay Solutions, Inc., and STEVE MCQUAIG, individually, and in his capacity as a Director of SecuredPay Solutions, Inc., | ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:  5:15-CV-01683-AKK |
|     Defendants. | ) | |

## ANSWER OF DEFENDANTS ROY NELSON, CHRIS FAIRCLOTH, AND STEVE MCQUAIG

Defendants Roy Nelson, Chris Faircloth, and Steve McQuaig say as follows in response to the Plaintiffs' Complaint:

Defendants deny the material allegations of the Plaintiffs' Introduction.

1.    Defendants are without sufficient information to admit or deny the allegations in this paragraph, and the allegations are therefore denied.

2.      Defendants admit that Jeff Walker was previously a member of SPS's board of directors.  Defendants are without sufficient information to admit or deny the remaining allegations, and the allegations are therefore denied.

3.      Defendants are without sufficient information to admit or deny the allegations in this paragraph, and the allegations are therefore denied.

4.      Defendants are without sufficient information to admit or deny the allegations in this paragraph, and the allegations are therefore denied.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      The allegations of this paragraph constitute legal conclusions as to which no response is required.  To the extent a response is required, the allegations are denied.

10.     The allegations of this paragraph constitute legal conclusions as to which no response is required.  To the extent a response is required, the allegations are denied.

11.     Denied as stated.

12.     Defendants admit that Mr. Faircloth contacted Mr. Walker about a meeting in Atlanta concerning SPS.  Defendants deny the remaining allegations of this paragraph.

13.     Defendants admit that there was a meeting in Atlanta.  Defendants deny that Plaintiffs have accurately characterized that meeting.  Defendants deny the remaining allegations of this paragraph.

14.     Defendants admit that there was a meeting in Atlanta.  Defendants deny that Plaintiffs have accurately characterized that meeting.  Defendants deny the remaining allegations of this paragraph.

15.     Denied.

16.     Defendants admit that WWH purchased additional shares of stock at certain times.  The remaining allegations of this paragraph are denied.

17.     Denied.

18.     Defendants admit that WWH purchased additional shares of stock at certain times.  The remaining allegations of this paragraph are denied.

19.     Defendants admit that WWH purchased additional shares of stock at certain times and that it sold certain of those shares.  The remaining allegations of this paragraph are denied.

20.     Defendants admit the existence of the patents.  Defendants deny that Plaintiffs have accurately characterized the use of their "investment funds."  The remaining allegations of this paragraph are denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendants admit that SPS hired Fleming.  The remaining allegations of this paragraph are denied.

25.     Defendants admit that Jeff Walker resigned from the board.  The remaining allegations of this paragraph, if any, are denied.

26.     Denied.

27.     Denied.

28.     Fleming's memo speaks for itself, and its accusations are denied.  The remaining allegations of this paragraph are denied.

29.     Denied.

30.     Denied.

31.     Defendants are without sufficient information to admit or deny the allegations in this paragraph, and the allegations are therefore denied.

32.     Fleming's memo speaks for itself, and its accusations are denied.  The remaining allegations of this paragraph are denied.

33.     Fleming's memo speaks for itself, and its accusations are denied.  The remaining allegations of this paragraph are denied.

34.     Fleming's memo speaks for itself, and its accusations are denied.  The remaining allegations of this paragraph are denied.

35.     Fleming's resignations letter speaks for itself, and its accusations are denied.  The remaining allegations of this paragraph are denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     SPS's contract with the law firm speaks for itself.  The remaining allegations of this paragraph are denied.

40.     Defendants admit that SPS terminated the engagement with the law firm.  Defendants admit that Jeff Walker voted against termination.  The remaining allegations of this paragraph are denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendants admit that Mr. McQuaig is a member of SPS's board of directors.  The remaining allegations of this paragraph are denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Defendants admit that Mr. Larson is a member of SPS's board of directors. The remaining allegations of this paragraph are denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Defendants admit that certain Plaintiffs have made loans to SPS and Faircloth on certain terms and understandings. The remaining allegations of this paragraph are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

58.    Defendants lack sufficient information to respond to the allegation and accordingly deny the allegations of this paragraph.

59.    Defendants lack sufficient information to respond to the allegation and accordingly deny the allegations of this paragraph.

60.    The allegations of this paragraph are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph.

61.    Defendants admit that WWH made certain loans to Mr. Faircloth on certain terms and understandings.  The remaining allegations of this paragraph are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

62.    Defendants admit that Paul Walker made certain loans to Mr. Faircloth on certain terms and understandings.  The remaining allegations of this paragraph are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of this paragraph.

63.    Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

64.    The allegations of this paragraph are legal conclusions for which no response is required.  The nature and extent of fiduciary duties are a matter of law.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

69.    The allegations of this paragraph are legal conclusions for which no response is required.

70.    The allegations of this paragraph are legal conclusions for which no response is required.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

76.    Defendants admit that WWH purports to bring a shareholder derivative action.  The remaining allegations of this paragraph are denied.

77.    Denied.

78.    Defendants are without sufficient information to admit or deny the allegations in this paragraph, and the allegations are therefore denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.     Denied.

85.     Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

100. The allegations of this paragraph are legal conclusions for which no response is required.

101. Defendants are without sufficient information to admit or deny the allegations in this paragraph, and the allegations are therefore denied.

102. Denied.

103. Denied.

104. Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

111. The allegations of this paragraph are legal conclusions for which no response is required.

112. Denied.

113. Denied.

114. Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

115. The allegations of this paragraph are legal conclusions for which no response is required.

116. Denied.

117. Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

118. The allegations of this paragraph are legal conclusions for which no response is required.

119. Denied.

120. Defendants repeat and re-allege their foregoing responses as if fully set forth herein.

121. The allegations of this paragraph are legal conclusions for which no response is required.

122. Denied.

123. Denied.

Defendants deny that Plaintiffs are entitled to any relief.

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Defendants deny the material allegations of Plaintiffs' Complaint, and demand strict proof thereof.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or part by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, laches and/or waiver.

## FIFTH DEFENSE

Venue is improper and/or would be more appropriate in a different forum.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the statute of frauds, parol evidence rule, accord and satisfaction, failure to read, agreement, acceptance, and/or estoppel.

## SEVENTH DEFENSE

Defendants deny that they breached any duty or obligation allegedly owed to

Plaintiffs, whether based upon common law or statute.

## EIGHTH DEFENSE

Plaintiffs have failed to join necessary and indispensable parties.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the articles of incorporation or agreements governing the rights of the shareholders of Securedpay Solutions, Inc., including any exculpatory clauses.

## TENTH DEFENSE

Defendants have fulfilled their obligations in good faith and with due care.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by their approval, ratification, and/or acquiescence.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in party by their failure to comply with Federal Rule of Civil Procedure 23.1.

## THIRTEENTH DEFENSE

Plaintiffs has suffered no actionable injury or loss as a result of any action or conduct on the part of Defendants.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in party due to their failure to make

a demand on the Board of Directors of Securedpay Solutions, Inc.

## FIFTEENTH DEFENSE

Plaintiffs lacks standing to bring these claims on their own behalf.

## SIXTEENTH DEFENSE

Plaintiffs have failed to make a demand on the shareholders of Securedpay

Solutions, Inc. and, therefore, cannot bring a claim compelling shareholder action.

## SEVENTEENTH DEFENSE

Plaintiffs' claims for breach of contract are barred by the terms and

conditions of the contracts made the basis of this lawsuit.

## EIGHTEENTH DEFENSE

Defendants deny the breaches of contract alleged by Plaintiffs.

## NINETEENTH DEFENSE

Plaintiffs have failed to satisfy all conditions precedent to recover on their

claims for breach of contract.

## TWENTIETH DEFENSE

Plaintiffs' claims for breach of contract are barred due to lack of privity.

## TWENTY-FIRST DEFENSE

Plaintiffs' alleged losses are subject to and barred by all of the terms and

conditions of the contract(s) made the basis of their claims.

### TWENTY-SECOND DEFENSE

Defendants deny that they have been unjustly enriched or that they hold moneys which, in equity and good conscience, belong to Plaintiffs.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part due to their unclean hands.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part due to their failure to do or offer to do equity.

### TWENTY-FIFTH DEFENSE

Plaintiffs' derivative claims are barred in whole or in part because "[i]t is fundamental that the corporation must have suffered an actual injury for there to be grounds for a shareholder's derivative suit." *See Michaud v. Morris*, 603 So.2d 886, 887 (Ala. 1992).

### TWENTY-SIXTH DEFENSE

Plaintiffs have failed to state a claim for minority shareholder oppression and there has been no abuse of control, if any, by any shareholder.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims for minority shareholder oppression fail because that cause of action is not a "panacea for any and all conduct undertaken by majority shareholders of a close corporation" and does not apply where "the alleged

oppression . . . amounts to nothing more than the fact that the majority shareholders . . . will not accede to [the minority's] wishes on matters of corporate management." *See Stallworth v. AmSouth Bank of Alabama*, 709 So.2d 458, 467 (Ala. 1997).

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims for minority shareholder oppression fail under *Davis v. Dorsey*, 495 F.Supp.2d 1162, 1169 (M.D.Ala. 2007) ("In order to make out a squeeze-out claim, [the minority shareholder] must demonstrate that [the majority shareholder] used his position of [alleged] control in a manner that harmed her as a shareholder independent of anything that [the majority shareholder] did to harm the corporation itself.").

### TWENTY-NINTH DEFENSE

Plaintiffs have failed to make any demand upon the Board of Directors of Securedpay Solutions, Inc. to pursue the derivative claims they assert or to allege with sufficient particularity that a demand would be futile.

### THIRTIETH DEFENSE

Plaintiffs do not fairly and adequately represent the interests of the similarly situated shareholders of Securedpay Solutions, Inc., among other reasons due to the purported derivative and direct claims being asserted by them, and therefore cannot bring a derivative claim under Ala.R.Civ.Pro. 23.1.

## THIRTY-FIRST DEFENSE

Plaintiffs have failed to exhaust her remedies within the corporate body and/or other out-of-court remedies.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred because the corporate and individual actions at issue enjoy business judgment rule protection.

## THIRTY-THIRD DEFENSE

No justiciable, ripe controversy exists as to Plaintiffs' claim for injunctive relief.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claim for injunctive relief is barred because they will not suffer immediate and irreparable injury if injunctive relief is denied.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claim for injunctive relief is barred because they have an adequate remedy at law.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claim for injunctive relief is barred because they have no reasonable chance of success on the merits of their claims.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claim for injunctive relief is barred because the hardship imposed by the injunction would unreasonably outweigh the benefit accruing to Plaintiffs.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claim for injunctive relief is barred by their failure to post an adequate bond.

## THIRTY-NINTH DEFENSE

Plaintiffs are not entitled to the remedies requested.

## FORTIETH DEFENSE

Plaintiffs have not stated a claim for removal of directors and have not sufficiently pleaded fraud with particularity under Federal Rule of Civil Procedure 9(b).

## FORTY-FIRST DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## FOURTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part by their fraud and/or fraud in the inducement.

## FORTY-THIRD DEFENSE

Against the damages claimed by plaintiffs, Defendants are entitled to a credit or set-off based on any settlement (and any monies paid pursuant thereto)

between plaintiffs and any other person or entity for alleged injuries or damages suffered on account of the events made the basis of this case or any related case.

## FORTY-FOURTH DEFENSE

Plaintiffs' Complaint fails to state a cause of action for mental anguish or to state a cause of action for which mental anguish damages are recoverable.

## FORTY-FIFTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## FORTY-SIXTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

## FORTY-SEVENTH DEFENSE

The claims of Plaintiffs for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on

the amount of punitive damages that a jury may impose, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## FORTY-EIGHTH DEFENSE

The claims of Plaintiffs for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## FORTY-NINTH DEFENSE

The claims of Plaintiffs for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendants' substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

## FIFTIETH DEFENSE

Any award of punitive damages based on anything other than Defendants' conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendants against impermissible multiple punishment for the same wrong.

## FIFTY-FIRST DEFENSE

Any award of punitive damages in this case would violate Defendants' rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract

clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## FIFTY-SECOND DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. *See Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); *Id*. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. *See Honda Motor Co., Ltd. v. Oberg*, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

## FIFTY-THIRD DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely

no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

## FIFTY-FOURTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Defendants' alleged conduct in this matter or to any alleged harm to Plaintiffs, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

## FIFTY-FIFTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama, regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer

affords to Defendants sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## FIFTY-SIXTH DEFENSE

Defendants aver that Alabama Code § 6-11-21 applies to any award of punitive damages in this case and raises any and all defenses available to it under the 1999 amendment to the same.

## FIFTY-SEVENTH DEFENSE

Defendants deny that any conduct on their part was the proximate cause of the claimed injuries.

## FIFTY-EIGHTH DEFENSE

Defendants aver that all of Plaintiffs' injuries and damages were caused by the acts or omissions of others for whom Defendants owe no legal responsibility.

## FIFTY-NINTH DEFENSE

Defendants aver that the claimed injuries and damages were the result of superseding or intervening causes, for which Defendants owe no legal responsibility.

## SIXTIETH DEFENSE

Defendants deny that the Plaintiffs were injured or harmed in any way by any act or omission by Defendants or any of their alleged agents.

### SIXTY-FIRST DEFENSE

Defendants have no duty of disclosure to Plaintiffs which was not fulfilled.

### SIXTY-SECOND DEFENSE

Defendants did not conceal or fail to disclose to Plaintiffs any material fact of which they had knowledge, whether intentionally or otherwise.

### SIXTY-THIRD DEFENSE

Plaintiffs were not induced to act by any alleged concealment or failure to disclose a fact by Defendants.

### SIXTY-FOURTH DEFENSE

Plaintiffs' claims based on implied contracts or theories such as unjust enrichment fail due to the existence of an express contract between the parties.

### SIXTY-FIFTH DEFENSE

There is no implied contract in fact or in law between any Plaintiff and Defendants.

### SIXTY-SIXTH DEFENSE

Plaintiffs had no reasonable expectation of compensation other than as set out in the parties' express contract and subject to the conditions surrounding same.

### SIXTY-SEVENTH DEFENSE

Defendants received no benefit from Plaintiffs for which Plaintiffs have not been compensated, or alternatively had no knowledge when they accepted any

benefits that Plaintiffs had an expectation of compensation.

## SIXTY-EIGHTH DEFENSE

Defendants deny that they, or any of their alleged agents or employees, acted in bad faith, or conspired to act in bad faith to harm Plaintiffs.

## SIXTY-NINTH DEFENSE

Defendants deny that they conspired with any defendant, entity or individual to injure Plaintiff.

## SEVENTIETH DEFENSE

Defendants deny that they breached any alleged fiduciary duty to Plaintiffs.

## SEVENTY-FIRST DEFENSE

Plaintiff's conspiracy claim fail because conspiracy itself furnishes no civil cause of action.

## SEVENTY-SECOND DEFENSE

Defendants are not liable for conspiracy because there is no underlying wrong on which the conspiracy is based.

## SEVENTY-THIRD DEFENSE

Defendants are not liable for conspiracy because they did not agree with each other, or with anyone else, to do an unlawful thing, or to do a lawful thing by unlawful means.

## SEVENTY-FOURTH DEFENSE

The intracorporate conspiracy doctrine bars Plaintiff's conspiracy claims.

## SEVENTY-FIFTH DEFENSE

Defendants are not liable for any alleged conspiracy because there is no intent to injure.

## SEVENTY-SIXTH DEFENSE

Plaintiffs' conspiracy claims fail because there are no damages due to the alleged underlying wrong.

## SEVENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine.

## SEVENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms of their agreements with defendants.

## SEVENTY-NINTH DEFENSE

Defendants reserve their right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of this litigation. Defendants hereby specifically deny any allegation contained in the Complaint that is not expressly admitted herein.

/s/   *David R. Pruet, III*
_____
One of the Attorneys for Defendants
Roy Nelson, Chris Faircloth, and Steve
McQuaig

OF COUNSEL:
Samuel H. Franklin (FRA006)
*sfranklin@lightfootlaw.com*
David R. Pruet, III (PRU011)
*dpruet@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants:

Brent C. Gray, Esq.
THE WATERFORD LAW GROUP, PLLC
2550 Meridian Blvd., Suite 350
Franklin, Tennessee 37067
bgray@waterfordlaw.com

Walter A. ("Tod") Dodgen, Esq.
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
tdodgen@maynardcooper.com

Will A. Smith, Esq.
MAYNARD, COOPER & GALE, P.C.
1901 6th Ave. N. Suite 2400
Regions/Harbert Plaza
Birmingham, Alabama 35203
wsmith@maynardcooper.com

s/ *David R. Pruet, III*
Of Counsel